UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CRESSLER, <br><br> Petitioner, <br><br> v. <br><br> ON HABEAS CORPUS, <br><br> Respondent. | Case No.: 1:19-cv-00364-JLT (HC) <br><br> ORDER DIRECTING CLERK OF COURT TO PROVIDE PETITIONER WITH BLANK FORMS FOR FILING § 2241 HABEAS ACTION <br><br> ORDER DIRECTING PETITIONER TO FILE PETITION FOR WRIT OF HABEAS CORPUS <br><br> [THIRTY DAY DEADLINE] |

On March 18, 2019, Petitioner filed a pleading entitled "Motion to Resume Habeas Corpus Proceedings after Return from State Court to Exhaust Federal Claims." Petitioner requests that the Court resume habeas proceedings. Attached to the motion are copies of various state court filings and orders. However, no federal petition is included. Therefore, the Court will **DIRECT** Petitioner to file a petition.

**I.     DISCUSSION**

A.  Failure to File a Federal Petition

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody

1

. . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases[1] requires a petition be filed which:

    (1) Specif[ies] all the grounds for relief available to the petitioner;
    (2) State[s] the facts supporting each ground;
    (3) State[s] the relief requested;
    (4) [Is] printed, typewritten, or legibly handwritten; and
    (5) [Is] signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Petitioner has not submitted a federal habeas petition in this matter. He asks the Court to resume habeas corpus proceedings, but Petitioner does not have any active habeas corpus actions in this Court. Petitioner filed a civil rights action on October 23, 2014, but that action was not a habeas action and it was dismissed on February 25, 2015. See Cressler v. King, Case No. 1:14-cv-01680-LJO-MJS. Petitioner will be directed to file a petition. He is advised that he should reference the instant case number. Failure to comply with this order will result in dismissal of the action.

B. Failure to Name a Proper Respondent

Petitioner does not name a respondent. His motion lists the respondent as "On Habeas Corpus." A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition. 28 U.S.C. § 2242; Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). In a case such as this where an individual is being detained by the California Department of State Hospitals, the proper respondent is the chief officer of the institution since that officer has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360.

Petitioner is advised that he must name a proper respondent, such as the chief officer of his

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

institution, in his habeas petition or the petition will be dismissed for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).

## II. ORDER

Accordingly, the Court **ORDERS**:

1) The Clerk of Court is DIRECTED to provide Petitioner with blank forms for filing a habeas corpus action pursuant to 28 U.S.C. § 2241; and
2) Petitioner is GRANTED thirty days from the date of service of this order to file a Petition.

IT IS SO ORDERED.

Dated: **March 22, 2019**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE